# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ALEXANDER J. LOWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-4377-CV-C-SOW |
| | ) |
| GREENE COUNTY, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined at Fulton State Hospital, a Missouri institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

In a complaint for damages and equitable relief, plaintiff states his arm was broken while he was in custody in Greene County, Missouri. He has named Greene County, Missouri, and Corrections Officer Hahn as defendants.

Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under § 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. *In re Williamson*, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). The term

"frivolous", as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under § 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citation omitted).

Plaintiff states in his complaint that while he was in the custody of Greene County, Missouri, defendant Hahn broke plaintiff's arm. Plaintiff also states that the county is vicariously liable for his injury. Plaintiff attached a copy of a grievance he submitted to the Department of Mental Health alleging assault and battery by defendant Hahn, and in that grievance as well as his complaint, he clearly stated that Mr. Hahn accidently broke plaintiff's arm.

First, the court notes it is well settled that negligence is not actionable under 42 U.S.C. § 1983. Negligent injury to an inmate by corrections officials does not constitute a Fourteenth Amendment violation. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). It is also not an Eighth Amendment violation. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests and safety." *Whitley v. Albers*, 475 U.S. 319 (1986). *See also Wells v. Walker*, 671 F. Supp. 624, 627 (E.D. Ark. 1987), *aff'd*, 852 F.2d 368 (8th Cir. 1988), *cert. denied*, 489 U.S. 1012 (1989).

Plaintiff acknowledges the injury occurred as an accident, and thus, his claim appears to be based upon defendant's negligence. Plaintiff has not asserted that defendant acted with the intent or purpose of causing plaintiff serious injury. Accordingly, plaintiff's claim will be recommended dismissed.

Second, plaintiff's claim against Greene County, Missouri, will also be recommended dismissed. Local governmental units, such as a city or county, are included among those to which section 1983 applies. *Monell v. Department of Soc. Serv. of City of N. Y.*, 436 U.S. 658, 690 (1978). However, liability of a municipality under section 1983 cannot be premised merely on the fact that it employs a tort-feasor or tort-feasors; in other words, section 1983 liability against a local government unit cannot be based upon a respondeat superior theory. *Id.* at 691. In order to establish liability of a municipality under *Monell*, the plaintiff must establish that "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Id.* at 694. *See also St. Louis v. Praprotnik*, 485 U.S. 112 (1988); *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701 (1989). Thus, plaintiff must allege facts indicating that the municipal defendants were acting pursuant to official municipal policy in order to state a claim under section 1983 against the municipality. In this case, plaintiff has merely alleged that an accident occurred and his arm was broken.

The court is mindful that plaintiff alleges he received a painful injury and may have some complications as a result of that injury, and the court is not unsympathetic. Plaintiff's allegations, however, do not set forth a constitutional claim that can be brought in federal court under 42 U.S.C. § 1983.

Plaintiff's claim is being recommended dismissed for failure to state a claim for which relief can be granted. Therefore, his request for appointment of counsel is denied. It is the practice of this court not to appoint counsel at the early stages of a proceeding before leave to proceed in forma pauperis has been granted and defendants have been served with process.

IT IS, THEREFORE, ORDERED that plaintiff's motion of November 17, 2005, for appointment of counsel is denied, without prejudice [6]. It is further

RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his claims be dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the

specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. *See* L.R. 74.1.

Dated this 26th day of January, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

4